UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**LUCKY INVESTMENTS, INC.,**

   Appellant,

v.                                                            No. 4:23-cv-00561-P

**ASIM A. RAHIM,**

   Appellee.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiffs' Appeal of the Final Judgment of the United States Bankruptcy Court in Case No. 22-42220-elm-7. ECF No. 1-1 at 3–4. For the reasons stated below, the Court **AFFIRMS** the decision of the Bankruptcy Court.

## BACKGROUND

This appeal arises from the Bankruptcy Court's dismissal of Appellants' Complaint for failure to state a claim upon which relief can be granted. On December 17, 2022, Lucky Investments, Inc. ("Lucky") filed an Adversary Complaint in the Bankruptcy Court to object to the discharge of debts of Dry Kings, LLC. Appellants contend that Dry Kings is entirely owned by Appellee, Mr. Asim A. Rahim. The issues before the Court stem from this debtor relationship.

The Bankruptcy Court found that Lucky's Complaint failed to comply with federal pleading requirements, so the Bankruptcy Court granted leave to amend. Lucky's First Amended Complaint was once again deficient. Nevertheless, in its discretion, the Bankruptcy Court decided to dismiss some claims while conditionally dismissing others—contingent upon Lucky filing a second amended complaint. Lucky failed to do so and instead appealed to this Court.

## LEGAL STANDARD

In reviewing a bankruptcy court's decision, the District Court functions as an appellate court and applies the standard of review used in a federal court of appeals. *In re Webb*, 954 F.2d 1102 (5th Cir. 1992). Therefore, the District Court reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo. In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003). Further, for mixed questions of fact and law, courts apply *de novo* review. *E.g., In re Mercer*, 246 F.3d 391, 402 (5th Cir. 2001).

## ANALYSIS

Lucky certified one question for review by the District Court: "Did the court apply the correct standard?" ECF No. 4 at 4. As an initial matter, the Court notes that it is unclear what Lucky contests because it affirms that the standard used by the Bankruptcy Court—the *Twombly/Iqbal* analysis—is correct. *See id.* at 5; ECF No 4-4 at 4. Lucky appears to contest the application of the facts to the legal standard for dismissal. *See* ECF No. 4 at 6–16. Having conducted *de novo* review, the Court determines that the Bankruptcy Court applied the correct standard and **AFFIRMS** its dismissal.

Dismissal is appropriate when the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court in *Twombly* and *Iqbal* ruled that Rule 12(b)(6) must be read in conjunction with Rule 8(a). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Both rules apply to the Bankruptcy Court under Bankruptcy Rule 7008.

To survive a 12(b)(6) Motion to Dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). The Court need not accept as true mere "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP*

*Axcess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). The Court reviews each dismissed claim below.

### A. § 727(a)(2)

In Lucky's First Amended Complaint, Lucky alleged that Mr. Rahim removed collateral property from one of Mr. Rahim's company locations. ECF No. 4-1 at 7. Lucky argues this prohibits the discharge of Mr. Rahim's debts under § 727(a)(2), which states:

> The court shall grant the debtor a discharge, unless—the debtor, with intent to hinder, delay or defraud a creditor . . . has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the debtor, within one year before the date of filing of the petition; or property of the estate, after the date of the filing of the petition.

11 U.S.C. § 727(a) (cleaned up); *see* ECF No. 4-1 at 6.

On this claim, Lucky's First Amended Complaint simply states that "Rahim removed all of the Missing Collateral and the security equipment with the intent of secreting the collateral from Lucky." ECF No. 4-1 at 6. This is a conclusory allegation and provides no facts which would entitle Plaintiff to relief.

Additionally, the purpose of Lucky's "Reverse Piercing" section in its First Amended Complaint is unclear and does not appear to provide any further information to support a claim under § 727(a). Reverse veil piercing is used to determine whether the assets of a corporate entity may be used to satisfy the debts of its shareholders. *In re Moore*, 379 B.R. 284, 292 (Bankr. N.D. Tex. 2007) (Ellington, B.J.). So, a reverse veil-piercing analysis is irrelevant to the dismissal of the § 727(a) claim. Consequently, the Court agrees with the Bankruptcy Judge that the pleading does not "connect the dots between all of those concepts to facially state a claim." ECF No. 4-4 at 10. The Court thus **AFFIRMS** the dismissal of Lucky's § 727(a)(2) claim.

### B. § 727(a)(3)

Lucky also alleges that Mr. Rahim instructed three employees not to record cash transactions. ECF No. 4-1 at 12. Lucky contends that this

prohibits discharge of Mr. Rahim's debts under § 727(a)(3), which states that discharge is prohibited when "[t]he debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information . . . *from which the debtor's financial condition or business transaction may be ascertained* . . . ." 11 U.S.C. § 727(a)(3) (emphasis added), *see* ECF No. 4-1 at 12.

While the pleading appears to set out sufficient facts to show Mr. Rahim allegedly attempted to conceal information, the pleading fails to allege facts to suggest that this information would be of the kind "which the debtor's financial condition or business transaction may be ascertained." § 727(a)(3), *see* ECF No. 4-1 at 13–16. Even taking the pleadings as true, Lucky provides no facts that suggest these cash transactions have any material bearing on ascertaining its financial condition. Instead, Lucky merely restates the law and makes the conclusory allegation that the transactions could show their debtors' financial condition. *See* ECF No. 4-1 at 12. Therefore, the court **AFFIRMS** the Bankruptcy Court dismissal regarding § 727(a)(3).

### C. § 727(a)(4)(A)

Third, Lucky identifies two separate causes of action relating to false oaths—one concerning Mr. Rahim's statements on the missing assets and another concerning Mr. Rahim's bank statements. *See* ECF No. 4-1 at 13–18. Section 727(a)(4)(A) prohibits discharge when "the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." 11 U.S.C. § 727(a)(4)(A) (cleaned up). Both claims were conditionally dismissed with a chance to replead. ECF No. 4-4 at 13, 15. Appellant failed to do so and, instead, appealed the Bankruptcy Court's conditional dismissal.

Under FED. R. CIV. P 9(b), made applicable to bankruptcy claims by Bankruptcy Rule 7009, allegations of fraud must be stated with particularity. Here, Lucky's First Amended Complaint falls well below this standard. The complaint provides transcripts of Mr. Rahim's testimony and then simply states that those statements were false. *See* ECF 4-1 at 14–18. For example, Lucky alleges "[t]he statement on Page 12, line 14 is false." ECF No. 4-1 at 15. Lucky alleges no facts to support

4

its conclusion. The First Amended Complaint offers nothing more than conclusory allegations, going on to allege that Mr. Rahim's statements were "an obvious effort to disguise his bankruptcy as a garden variety failed business." ECF No. 4-1 at 16. So again, the Court agrees with the Bankruptcy Judge that "we need a little more connection of the dots so that [Mr. Rahim is] able to know exactly what [he is] defending." ECF No. 4-4 at 13. The Court **AFFIRMS** the dismissal of Lucky's § 727(a)(4)(A) claim.

### D. § 727(a)(5), § 523(a)(4), and § 523(a)(5)

The final three causes of action relating to Sections 727(a)(5), 523(a)(4), and 523(a)(6) were all conditionally dismissed for the failure to definitively state who the plaintiff is. *See* ECF No. 4-4 at 15–21. Previously, the Bankruptcy Court allowed Lucky to amend to clarify who the Plaintiff is. *Id.* at 16; ECF No. 4-2 at 35–36. The First Amended Complaint failed to correct this deficiency. *See* ECF No. 4-1 at 15–21. Nevertheless, the Bankruptcy Court gave Lucky a second opportunity to correct this deficiency, but Lucky failed to do so. *See* ECF No. 4-4 at 16, 18, 20.

These three causes of action focus on the discharge of Mr. Rahim's debts—specifically, debts related to missing security equipment. Lucky's First Amended Complaint inconsistently ascribes ownership of the debt. At times, Lucky suggests that Lucky entirely owns the equipment. *See* ECF No. 4-1 at 20 ("[T]he security monitoring equipment owned by Lucky."). However, the next line states, "[t]he security monitoring equipment was the property of Tareen Entities," *Id.*, an unknown party that was never properly joined.

While Lucky clarifies who the plaintiff is in its appeal, a court of appeals is not the place to correct deficiencies in the pleadings. *See* ECF No. 4 at 15. Especially when the Bankruptcy Court already granted two opportunities to correct this deficiency. Consequently, the Court **AFFIRMS** the dismissals of Lucky's § 727(a)(5), § 523(a)(4), and § 523(a)(5) claims.

5

## CONCLUSION

After review of the record, the opinion of the Bankruptcy Court, and the Parties' Briefs on appeal, the Court concludes that the Bankruptcy Court did not err in dismissing all claims in the First Amended Complaint. Thus, the Final Judgment of the United States Bankruptcy Court (ECF No. 1-1 at 3–4) is **AFFIRMED.**

**SO ORDERED** on this **13th day of June 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE